IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDITH REDDEN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-18-1097-G |
| | ) | |
| DEACONESS HEALTH SYSTEM, LLC, a foreign limited liability company, d/b/a ALLIANCEHEALTH DEACONESS, | ) ) ) ) | |
| | ) | Jury Trial Demanded |
| | ) | Attorney Lien Claimed |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Judith Redden, and for her Complaint in the above-entitled action, alleges and states as follows:

1. Plaintiff, Judith Redden ("Plaintiff"), is an adult female who at all times relevant hereto was a resident of Oklahoma County, Oklahoma;

2. Defendant, Deaconess Health System, LLC is a foreign limited liability company doing business in Oklahoma County, Oklahoma under the name "Alliance Health Deaconess" and/or "Deaconess Hospital";

## JURISDICTION AND VENUE

3. The cause of action stated herein arises out of Plaintiff's former employment with Defendant and is based on claims of (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); and violation of the Oklahoma Age

1

Discrimination Act ("OADA");

4. This Court has jurisdiction over Plaintiff's federal claim pursuant to the provisions of 28 U.S.C. §1331. This Court has supplemental Plaintiff's corresponding state law claims as they arise out of the same core operative facts as the federal claim and jurisdiction is thus vested by operation of 28 U.S.C. §1367(a).

5. All of the claims and allegations contained herein arise out of conduct occurring in or around Oklahoma County, Oklahoma. Defendant has at all times pertinent hereto conducted business in Oklahoma County, maintains an agent for service in Oklahoma County, may be served in Oklahoma County, Oklahoma and venue is proper in the United States District Court for the Western District of Oklahoma pursuant to the provisions of 28 U.S.C. §1391(b).

6. Plaintiff has exhausted her administrative remedies having filed an EEOC Charge of Discrimination and having received a Notice of Right to Sue on August 9th, 2018.

**STATEMENT OF FACTS**

7. Plaintiff was born in 1942, making her over the age of forty (40) years at all times relevant hereto.

8. Plaintiff began her employment with the Defendant in 1973 as a nurse and was continuously employed by Defendant as a Registered Nurse until her termination in December, 2016.

9. Throughout her more than 40-year tenure with Defendant, Plaintiff's job performance was, at a minimum, satisfactory if not excellent and Plaintiff is unaware of any

2

negative reference during that period.

10. Despite her many years of good work performance, and shortly following a change in management personnel at Defendant, Plaintiff was asked on a number of occasions by Defendant's personnel when I was going to retire.

11. On or about November 2nd, 2016 Defendant, through a supervisor, directed Plaintiff to submit to a "drug test". Plaintiff complied with the directive and submitted to a urine test. This test occurred on Defendant's premises at a laboratory in the South Medical Building.

12. On or about November 14th, 2016, Plaintiff was again directed by a supervisor to submit to another drug test. Plaintiff inquired at that time as to why a second test was required and was advised by the supervisor that she "didn't have any idea".

13. On November 15th, 2016 Plaintiff, at the Defendant's directive, appeared at the Defendant's designated location and submitted to the second mandatory urine drug test.

14. On November 16th, 2016, Plaintiff was contacted at home and directed to call a prescribed telephone number and speak to a "Dr. Morrow". Plaintiff immediately carried out these instructions, spoke to Dr. Morrow, and was advised that she has tested positive for the drug hydrocodone. Dr. Morrow further advised Plaintiff that she submit to another test at a different lab for an additional fee of $150.00.

15. Plaintiff never received any copy of the allegedly "positive" drug test results.

16. On November 17th, 2016, Plaintiff was contacted be representatives of Defendant and advised that she was not allowed to work until she achieved a "negative" drug

test result. Further, as Plaintiff had already submitted to two (2) tests on Defendant's campus and received no written results, Plaintiff elected to voluntarily submit to a hair follicle test.

17. On December 1st, 2016 received the results of the hair follicle test reflecting a negative result and immediately contacted her supervisor to advise of the same. Defendant responded by advising Plaintiff that it would not accept this test result.

18. On December 2nd, 2016, Plaintiff received her paycheck for the period which was well in excess of her ordinary pay. In order to determine the source of this pay discrepancy, Plaintiff attempted to log on to Defendant's employee website and discovered that her access had been revoked.

19. Shortly thereafter, Plaintiff began receiving notices referring to her as a "former employee" and thus determined that she had been terminated.

20. That subsequent to her termination, Plaintiff learned that a number of other long-standing nurses and employees had also been terminated by Defendant.

21. That subsequent to Plaintiff's termination she discovered that in response to inquiry, Defendant had advised others that Plaintiff "struggled with a drug problem".

22. Defendant replaced Plaintiff with a significantly younger individual.

23. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injury and damage as described hereinafter.

## **COUNT I - ADEA**

24. For her first cause of action, Plaintiff incorporates by reference all prior allegations and statements contained herein and further alleges and states as follows:

25. Plaintiff is entitled to relief under federal and state law for age-based discrimination because, at all relevant times, she was over the age of 40 years, she was qualified for her job, she was terminated and her position was not eliminated.

26. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable compensatory damages allowed by law. Plaintiff is further entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT II - DEFAMATION

27. For her second cause of action, Plaintiff incorporates by reference all prior allegations and statements contained herein and further alleges and states as follows:

28. Defendant made unprivileged statements to third parties that Plaintiff struggled with a drug problem;

28. Defendant knew or should have known that such statements were false when made;

29. That Defendant's statements in this regard have caused serious injury to the reputation of the Plaintiff as a member of the medical care community.

## REQUEST FOR RELIEF

WHEREFORE, above premises considered, Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff and against Defendant and assess actual and compensatory damages including but not limited to back pay, future wages, and other compensatory damages, together with pre- and post judgment interests, costs, attorney fees, liquidated damages, punitive damages and such other and further relief as this Court deems

appropriate, circumstances considered.

## RESPECTFULLY SUBMITTED THIS 7th DAY OF NOVEMBER, 2018.

        /s/ Jon T. Lee
JON T. LEE, OBA #19860
L. MATTHEW DOBSON, OBA #20678
LEE GOODWIN LEE LEWIS & DOBSON
1300 E. 9th Street, Suite 1
Edmond, OK 73034
(405) 330-0118
(405) 330-0767 (facsimile)
JTLee@edmondlawoffice.com
MDobson@edmondlawoffice.com
*Attorneys for Plaintiff*

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**