# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDITH REDDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1097-G |
| | ) | |
| DEACONESS HEALTH | ) | |
| SYSTEM LLC d/b/a ALLIANCE | ) | |
| HEALTH DEACONESS | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After filing this action on November 7, 2018, Plaintiff failed to serve Defendant Deaconess Health System LLC, d/b/a Alliance Health Deaconess, within the 90-day time period allotted by Federal Rule of Civil Procedure 4(m).[1] Accordingly, the Court on February 14, 2019, directed Plaintiff to show cause as to why this action should not be dismissed. *See* Order (Doc. No. 3). Counsel for Plaintiff timely responded to the Order, advising the Court that service was not accomplished due to a "breakdown in procedure." *See* Pl.'s Response (Doc. No. 4).

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for

---

[1] Plaintiff's 90-day service window expired on February 5, 2019.

service for an appropriate period." *Id.* Plaintiff's counsel acknowledge that the circumstances here do not meet the "good cause" standard. *See* Pl.'s Response (Doc. No. 4) at ¶ ("counsel are aware of the legion of cases which provide that attorney misfeasance and/or malfeasance does not, in and of itself, necessarily constitute 'good cause' within the meaning of Rule 4").

The resulting question is whether the Court should grant Plaintiff a permissive extension of time. To that end, the Court credits Plaintiff's counsel's candid explanation of what happened. The Court also notes that a permissive extension "may be justified . . . if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note; *see also Espinoza v. United States*, 52 F.3d 838, 841-42 (10th Cir. 1995). Here, Plaintiff asserts two causes of action: (1) defamation, and (2) violation of the Age Discrimination in Employment Act ("ADEA"). At first blush, it appears that if the Court were to dismiss Plaintiff's claims—which accrued in December 2016—the limitations period will have run upon refiling. *See* Okla. Stat. tit. 12, § 95(4); 29 U.S.C. § 626(d) and (e). While the state law claim would likely be subject to Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, the federal law claim would not. *See Newman v. Burns Int'l Pinkerton Securitas*, No. 07-CIV-281-JHP-PJC, 2008 WL 356879, at *3 (N.D. Okla. Feb. 7, 2008) ("the Oklahoma Savings Clause does not enlarge the time to file federal causes of action for which Congress has established a statute of limitations"). Accordingly, a Rule 4(m) dismissal of Plaintiff's ADEA claim would bar further pursuit of that claim.

Accordingly, the Court EXTENDS Plaintiff's service deadline an additional 30 days from the date of this Order.  Failure to comply with this Order may result in dismissal of the action without prejudice.

IT IS SO ORDERED this 21st day of February, 2019.

CHARLES B. GOODWIN
United States District Judge